UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY JASINSKI, MAYA JASINSKI by her father and next friend WESLEY JASINSKI and MICHAEL JASINSKI, by her father and next friend WESLEY JASINSKI, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. : 11 CV 3581 |
| GLENCOE DEPARTMENT OF PUBLIC SAFETY, OFFICER A. PERLEY, STAR 660 individually and as agent for THE GLENCOE DEPARTMENT OF PUBLIC SAFETY, LT. R. WEINER, individually and in his capacity as an Agent of THE GLENCOE DEPARTMENT OF PUBLIC SAFETY, UNKNOWN ADDITIONAL PUBLIC SAFETY OFFICERS, BERNARD J. BRENNAN, individually and as agent for THE LAW OFFICES OF BIAGIO BUCARO LLC, SANDRA A. BRENNAN, individually and as agent for BERNARD J. BRENNAN, THE LAW OFFICES OF BIAGIO BUCARO LLC individually and as agent for CORNELIA CARPET CLEANERS and CORNELIA CARPET CLEANERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Elaine E. Bucklo |
| Defendants. | ) ) | |

RESPONSE TO DEFENDANTS ANDREW PERLEY AND RICHARD
WEINER'S MOTION TO DISMISS

NOW COME the Plaintiff's, WESLEY JASINSKI, MAYA JASINSKI by her father and next friend WESLEY JASINSKI and MICHAEL JASINSKI, by her father and next friend WESLEY JASINSKI, by their attorney, HOWARD PERITZ, and as and for their Response to Defendants Andrew Perley and Richard Weiner's Motion to Dismiss, state:

I. Standard of Review

When deciding a motion to dismiss, the Court must view the well plead facts in a light most favorably to the non- moving party.

II. Officers Perley and Weiner Did Not have Reasonable Cause to Make an Arrest.

Defendants' rely on Reynolds v. Jamison 388 F. 3d 756 (7th Cir.. 2007) for the proposition that a complaint of a putative victim or single witness is generally sufficient to establish probable cause. Defendants leave out of their motion, however, the next, important, phrase of the sentence: "unless the officer has a reason to question the witness' account." Officers Perley and or Weiner knew prior to arresting Plaintiff that the complaining witness had been unsuccessfully trying to serve Plaintiff with Summons and Complaint in a separate law suit pending in the Circuit Court of Cook County. That fact alone should have caused the police to question the witnesses account and should have caused them to investigate further prior to making the arrest.

Further, no breach of the peace occurred at any time as Plaintiff was within his home at all times while the complaining witnesses were on his private property, trespassing.

Plaintiff's alleged statements to the witness that he had a gun and would shoot the witness if he didn't leave Plaintiff's property are also protected by the First Amendment's right of free speech. In the absence of anything more than the statements allegedly made, the police had no probable cause to arrest the Plaintiff.

II. Officers Perley and Weiner Used Excessive Force in effectuating the Plaintiff's Arrest.

Claims that a law enforcement officer used excessive force in the course of an arrest, investigatory stop, or other seizure are analyzed under the Fourth Amendment's objective reasonableness standard, which requires the court to balance " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Frazell v. Flanigan 102 F. 3d 877 (7th Cir. 1996), quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

Police officers are liable for the use of excessive force when they use force that is not objectively reasonable in light of the facts and circumstances confronting them. Goff v. Bise, 173 F. 3d 1068(8th Cir, 1999) citing Nelson v. County of Wright, 162 F.3d 986, 990 (8th Cir.1998).

Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

In the instant case, the circumstances surrounding Plaintiff's arrest warranted much less force that was exercised by the police. Although not plead in the complaint, when Plaintiff stepped out of his doorway immediately prior to the arrest, he was dressed in nothing but underwear and a t-shirt. Further, when instructed to show his hands by the police he immediately

complied. See Incident Case Report attached hereto as Exhibit A. Clearly there was no need to throw Plaintiff to the ground, on his face and drag him across his garage, as plead in the Complaint.

III. Plaintiff suffered injury.

Plaintiff's complaint clearly alleges that he suffered injury as a result of the excessive force of the Defendants. Defendants cite Outlaw v. Kirk, 259 F. 3d 833 (7th Cir. 2001) for the proposition that bruising that was not "serious" could not lead to a claim for excessive force. Outlaw, however, is clearly distinguishable. In Outlaw, the Plaintiff was incarcerated. Guards were delivering a pair of shorts to him through the "cuffport" opening in the door. As the guards were closing the "cuffport" opening, the Plaintiff therein attempted to hurl garbage at the guards through the opening. The contact with that Plaintiff was clearly accidental on the part of the guards and the Plaintiff was, in fact, responsible for his own injury.

As noted in the Exhibit A to this response, Plaintiff, Wesley Jasinski, was doing nothing in any way antagonistic to the officers and, in fact, was complying with their orders. There was no reason to push him to the ground and drag him.

Plaintiff herein suffered contusions and abrasions to various parts of his body which, under the circumstances is sufficient injury to permit his claim to proceed.

IV. The officers are not entitled to qualified immunity.

Initially it should be noted that even if the officers are entitled to qualified immunity, such immunity would only attach to the Plaintiff's false arrest claim and not to the excessive force claim.

Plaintiff had a clear right to be free from unreasonable search and seizure at the time of his arrest. It is clear that the officers violated that right when the arrested him for allegedly

making the comments claimed by the complaining witness. At the time of the alleged incident, the complaining witness was trespassing on the Plaintiff's property. Plaintiff had a clear right to protect his person and property and issuing a warning to a trespasser to leave his property does not constitute any crime. Plaintiff never voluntarily left his property and, in fact, allegedly made the threat from inside his home. Defendants are correct in asserting that there is no analogous case law however they are clearly incorrect in their assertion that the Defendants' conduct was not so violative of the Plaintiff's constitutional right to be free from unreasonable search and seizure that reasonable officials would know without guidance from the court.

    V. Remaining State Law Counts III, IV and V should not be dismissed.

This court maintains subject matter jurisdiction over the remaining counts of Plaintiff's complaint as the claims are pendent to Plaintiff's federal court claims. Defendants' motion to dismiss these counts is based solely upon their belief that this Court will dismiss the federal counts against these defendants however, based upon the foregoing, such dismissal will not occur.

Plaintiffs have properly alleged all of the facts necessary to sustain claims for intentional infliction of emotional distress while perhaps inartfully, the allegations are sufficiently plead to withstand this Court's scrutiny.

CONCLUSION

For the foregoing reasons, Plaintiffs pray for an order of this Court denying Defendants' Motion to Dismiss or, in the alternative, granting Plaintiffs leave to replead their complaint and shore up any inartfully plead allegations.

Respectfully submitted,

_____
Howard Peritz, attorney for Plaintiffs

Howard Peritz
Attorney for Plaintiffs
1121 Lake Cook Road
Suite P
Deerfield, Illinois 60015
(847) 562-5880