IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WESLEY JASINSKI; MAYA JASINSKI, by her father and next friend WESLEY JASINSKI; and MICHAEL JASINSKI, by his father and next friend WESLEY JASINSKI,**<br><br>      Plaintiffs,<br><br>   v.<br><br>**GLENCOE DEPARTMENT OF PUBLIC SAFETY, OFFICER A. PERLEY, individually and as agent for GLENCOE DEPARTMENT OF PUBLIC SAFETY; OFFICER R. WEINER, individually and as agent for GLENCOE DEPARTMENT OF PUBLIC SAFETY; UNKNOWN ADDITIONAL PUBLIC SAFETY OFFICERS; BERNARD J. BRENNAN, individually and as agent for THE LAW OFFICES OF BIAGIO BUCARO LLC; SANDRA A. BRENNAN, individually and as agent for BERNARD J. BRENNAN; THE LAW OFFICES OF BIAGIO BUCARO LLC; CORNELIA CARPET CLEANERS,**<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     No. 11 C 3581 |

### MEMORANDUM OPINION AND ORDER

Wesley Jasinski ("Wesley") filed this lawsuit on his own behalf and on behalf of his two minor children, Maya and Michael Jasinski, against the Glencoe Department of Public Safety, two named Glencoe police officers, Andrew Perley and Richard Weiner, "unknown additional public safety officers," Bernard Brennan ("Bernard") and Sandra Brennan ("Sandra"), individually and as agents for the Law Offices of Biagio Bucaro,

LLC, the Law Offices of Biagio Bucaro LLC, individually and as agents for Cornelia Carpet Cleaners, and Cornelia Carpet Cleaners. Count I alleges civil rights violations under 42 U.S.C. § 1983 in connection with Wesley's arrest on July 20, 2010 in connection with an attempted service of complaint and summons. Count II is a pendent state law claim for false arrest. Counts III through V are pendent state law claims for intentional infliction of emotional distress by Wesley and his two minor children, who were home at the time of Wesley's arrest. Count VI is a pendent state law claim for slander against defendants Bernard and Sandra. In front of me is Officers Perley and Weiner's motion to dismiss for failure to state a claim against them upon which relief can be granted. For the reasons stated below, I grant the motion in part and deny it in part.

I.

On July 20, 2010, defendants Sandra and Bernard came to plaintiffs' home in an attempt to serve a complaint and a summons on Wesley in connection with a lawsuit brought in the Circuit Court of Cook County, Illinois by Cornelia Carpet Cleaners. The complaint before me alleges that Bernard was acting as a process server for the Law Offices of Biagio Bucaro LLC, which represented Cornelia Carpet Cleaners. Sandra allegedly pounded on plaintiffs' door, and without opening the door, Wesley asked

2

Sandra what she wanted. Sandra stated that she was looking for Wesley's wife, who was not at home. Immediately after this interaction, Bernard appeared from the side of the house and told Wesley to open the door. Wesley recognized Bernard as a process server and refused to open the door. Bernard allegedly attempted to open the door a number of times, and Bernard and Wesley argued through the closed door. Bernard told Wesley that he was a police officer and had a gun, though he was in fact a retired officer. Wesley called his attorney, who advised him to tell Bernard and Sandra that he would call the police if they did not leave immediately.

Wesley returned to the door, but neither Bernard nor Sandra were visible. Bernard or Sandra called the police and informed them that Wesley had threatened to get his gun and shoot them if they did not leave his property. Wesley alleges that the statement to the police was false and that Sandra and Bernard knew it was false. Wesley eventually opened the door to retrieve his mail and to see if Bernard or Sandra were still on his property. When he stepped out, Officers Perley and Weiner, allegedly acting without a warrant, ordered Wesley to get down on his knees. Wesley complied and an officer pushed Wesley's face to the ground, handcuffed him, and dragged him across the driveway. An officer took Wesley to the Glencoe police department and charged him with disorderly conduct. Wesley

alleges in his complaint that he suffered physical and mental injuries as a result of the altercation and arrest.

II.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

A. Claim for unlawful arrest and excessive force under § 1983

"Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and section 1983." *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010) (citing *McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009)). Probable cause exists if "at the time of the arrest, the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008) (quoting *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007) (internal quotation omitted)). "A plaintiff claiming that he was arrested without probable cause carries the burden of establishing the absence of probable cause." *McBride*, 576 F.3d at 706 (citations omitted). The reasonableness of the arrest "turns on what the officer knew, not whether he knew the truth or whether he should have known more." *Reynolds v. Jamison*, 488 F.3d 756, 765 (citations omitted).

The facts as pled by the plaintiffs sufficiently state a claim for unlawful arrest under § 1983. Plaintiffs allege that the defendant officers arrested Wesley on his own property when he stepped outside, wearing only underwear and a t-shirt, to check his mail and to look for the two process servers who had been banging on his door and trying to gain entrance into his

5

house. The defendant officers eventually charged Wesley with disorderly conduct, yet there is nothing on the face of the complaint to indicate that Wesley did anything other than cooperate with the defendant officers. While Wesley could have, perhaps, avoided this situation by accepting service of process at an earlier time and before the situation became contentious, there is nothing in the cold factual record at this stage to suggest that there is no set of facts under which plaintiffs cannot show that Wesley's arrest lacked probable cause.

Perley and Weiner rely on plaintiffs' supposed admission that the defendant officers were acting on a witness report that Wesley had threatened to shoot Bernard and Sandra if they did not leave plaintiffs' property. While a police officer can establish probable cause by showing that he was acting on the information provided by an eyewitness or victim, the information must establish the elements of a crime. *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 524 (7th Cir. 2001); *Reynolds*, 488 at 765. Here, alleged trespassers reported to the police that a homeowner threatened to shoot them if they did not leave the property. While there are limits to the force a homeowner can use in protecting his property, 720 ILCS 5/7-2, the facts alleged here do not show that there was probable cause to arrest Wesley. On the contrary, using defendants' own words, "[w]hen an individual informs police he is being threatened with

6

a gun, their natural instinct is to *investigate* immediately."
The principle defendants rely on, namely that there is no
requirement that police officers investigate when an eyewitness
alleges someone has committed a crime, has its limits. *Askew v.
City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006). When it is
doubtful that the allegations add up to a crime, or when the
police know that the alleged eyewitness has a grudge against the
accused, "some follow-up may be required to make an arrest
'reasonable.'" *Id.* The alleged circumstances surrounding
Wesley's arrest suggest that investigation, and not immediate
arrest, would have been the reasonable course of action for the
defendant officers to follow.

Perley and Weiner contend that even if they did not have
probable cause to arrest Wesley, they are entitled to qualified
immunity. In determining whether a public official is protected
by qualified immunity, I consider "whether a constitutional right
has been violated," and "whether the right was clearly
established at the time the official acted." *Baird v. Renbarger*,
576 F.3d 340, 344 (7th Cir. 2009) (citing *Saucier v. Katz*, 533
U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). The
Supreme Court has recently reiterated that the second prong of
this two-part test looks at whether, "at the time of the
challenged conduct, '[t]he contours of [a] right [are]
sufficiently clear' that every 'reasonable official would have

7

understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, --- U.S. ----, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). This part of the test does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

Plaintiffs do not cite a single authority to support their argument that defendants are not entitled to qualified immunity. While arresting someone without probable cause as he steps out of his home in his underwear to check his mail may be a constitutional violation, a "general proposition ... that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *al-Kidd*, 131 S.Ct. at 2084. Indeed, the lack of precedent on this issue, which both parties recognize, counsels in favor of finding qualified immunity for the defendant officers. Because Perley and Weiner were undisputedly acting on a reported threat of gun violence, I conclude that they are entitled to qualified immunity on plaintiffs' claim for unlawful arrest. *See Williams v. Jaglowski*, 269 F.3d 778, 781 (7th Cir. 2001).

Defendants also seek dismissal of plaintiffs' claim for excessive force under § 1983. "Where ... the excessive force

8

claim arises in the context of an arrest ... it is most properly characterized as one invoking the protections of the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Analyzing a claim for excessive force under the Fourth Amendment requires that I consider whether the degree of force used in effectuating an arrest was reasonable. *Id.* at 395. Factors to take into account include: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; (3) whether the suspect is actively resisting arrest; and (4) whether the suspect was armed. *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011).

Plaintiffs have alleged that Wesley exited his house in his underwear to retrieve his mail, complied when the defendant officers ordered him to kneel on the ground, and did not engage in any threatening behavior. Plaintiffs also allege that despite the fact that Wesley cooperated and was unarmed, the defendant officers pushed Wesley face-down on the ground, handcuffed him, and dragged him a considerable distance, still face-down, across pavement. Taking the alleged facts as true, it appears that the defendants' use of force was out of proportion to any danger that Wesley posed to the officers or to anyone else. *See Jacobs v.*

*City of Chicago*, 215 F.3d 758, 773-74 (7th cir. 2000). Wesley has therefore stated a claim for excessive force under § 1983.[1]

B. Other claims against Officers Perley and Weiner

Plaintiffs also seek relief against Perley and Weiner in their state law claims. The defendant officers do not address the state claim for false arrest separate from the § 1983 claim. Therefore, I deny the motion to the extent that it seeks to dismiss the state false arrest claim.[2] I will, however, grant the motion to dismiss state law claims against Perley and Wiener for intentional infliction of emotional distress. To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) conduct that is "truly extreme and outrageous"; (2) the defendant either intended that his conduct inflict severe emotional distress or knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct did in fact cause severe emotional

---

[1] The defendants did not argue that they are entitled to qualified immunity on plaintiffs' excessive force claim. I would note, though, that the parties raise factual issues as to the degree of force used during the arrest and, therefore, applying qualified immunity at the pleadings stage would be inappropriate. *See Jacobs*, 215 F.3d at 765 n. 3.

[2] Defendants also do not argue that they are entitled to immunity under state law. Because state rules of immunity govern the state law claims, *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996), I decline to consider whether state law immunity would apply to the state law claim for false arrest.

distress. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003). Plaintiffs do not allege that Perley or Weiner engaged in "truly extreme and outrageous" conduct, nor do they allege, apart from bare and formulaic language, any injury that would constitute severe emotional distress. Therefore, I dismiss claims against Perley and Weiner for intentional infliction of emotional distress.

### III.

For the foregoing reasons, I grant Officers Perley and Weiner's motion to dismiss claims against them for unlawful arrest under § 1983 and for intentional infliction of emotional distress under state law. However, I deny Officers Perley and Weiner's motion to dismiss claims against them for excessive force under § 1983 and for false arrest under state law.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 2, 2011